UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICKEY D. SMITH, (N94725),

  Petitioner,

 v.

TARRY WILLIAMS, Warden, Stateville Correctional Center,

  Respondent.

No. 15 CV 4477

Judge Manish S. Shah

## ORDER

  The case is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Clerk is instructed to enter a Rule 58 Judgment in favor of Respondent against Petitioner. The Court declines to issue a certificate of appealability. Enter judgment in favor of respondent, and terminate civil case.

## STATEMENT

  Petitioner Mickey D. Smith, a prisoner confined at Stateville Correction Center, has brought this pro se habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his 2011 murder conviction from the Circuit Court of Will County. Petitioner has paid the five dollar filing fee. [5].

  Pending before the Court is the initial review of the habeas corpus petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 requires this Court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that Petitioner is not entitled to relief. *See also Day v. McDonough*, 547 U.S. 198, 207 (2006). The complete state court record was not filed with the habeas corpus petition, and therefore, the Rule 4 review is limited to Smith's petition and the available state court opinions. Despite a lack of a full state court record, it plainly appears that Smith is not entitled to relief.

  The following facts are drawn from the Supreme Court of Illinois's decision in Petitioner's postconviction appeal. *People v. Smith*, 26 N.E.3d 335 (Ill. 2015). That is the "the decision of the last state court to rule on the merits of the petitioner's claims." *Ford v. Wilson*, 747 F.3d 944, 949 (7th Cir. 2014) (quotations omitted). "The

state court's factual determinations are entitled to a presumption of correctness, and the petitioner has the burden of overcoming this presumption by clear and convincing evidence." *Thompkins v. Pfister*, 698 F.3d 976, 983 (7th Cir. 2012) (citing 28 U.S.C. § 2254(e)(1); *McCarthy v. Pollard*, 656 F.3d 478, 483 (7th Cir. 2011)).

Petitioner is serving a thirty year sentence for murder. He entered into a garage with a handgun, and shot the victim, killing him. *Smith*, 26 N.E.3d at 336. Petitioner was charged with murder, 720 ILCS 5/9–1(a)(1), and being an armed habitual criminal, 720 ILCS 5/24–1.7. *Smith*, 26 N.E.3d at 336. The prosecution also filed a notice of its intent to seek a sentencing enhancement under 730 ILCS 5/5–8–1(a)(1)(d)(iii). *Smith*, 26 N.E.3d at 336. Under Illinois law, a sentence is enhanced when the defendant personally discharges a firearm that results in the victim's murder. 730 ILCS 5/5–8–1(a)(d)(iii); *Smith*, 26 N.E.3d at 336. The enhancement increases a sentence by a minimum of twenty-five additional years of imprisonment, and has a maximum possible sentence of life in prison. *Id.* at 336–37.

The parties reached a negotiated plea agreement. *Smith*, 26 N.E.3d at 336. Petitioner agreed to plead guilty to murder. *Id.* In exchange, the prosecution: (1) dropped the armed habitual criminal charge; (2) recommended a thirty year sentence on the murder charge; and, (3) withdrew the notice of intent to seek the sentencing enhancement. *Id.* Without the sentencing enhancement, Smith faced a sentencing range on the murder conviction of twenty to sixty years in prison. *Id.*; 730 ILCS 5/5–4.5–20(a). If the case had the enhancement, then the sentencing range would have been forty-five years to life. *Smith*, 26 N.E.3d at 337. Petitioner was sentenced to thirty years in prison. *Smith*, 26 N.E.3d at 336.

Petitioner did not bring a direct appeal. *Id.* His case became final before the Supreme Court of Illinois's decision in *People v. White*, 953 N.E.2d 398 (Ill. 2011). *White* holds that a sentencing judge must apply the sentencing enhancement when the factual basis of the guilty plea establishes the enhancement. 953 N.E.2d at 403. The enhancement is mandatory when the facts exist to support it. *Id.* at 403–04. The prosecutor and sentencing judge have no discretion in deciding whether the sentencing enhancement applies. *Id.* When the enhancement is not applied, and the sentence falls outside the proper sentencing range, the result is that the sentence and the associated guilty plea are void. *Id.* at 404.

Petitioner brought a petition under Illinois's Post Conviction Hearing Act, 725 ILCS 5/122–1, et seq., arguing that the guilty plea and sentence were void under *White*. *Smith*, 26 N.E.3d at 337. The factual basis of the guilty plea established that the enhancement should have been applied. As mentioned, the sentencing range with the enhancement was forty-five years to life. Petitioner's thirty year sentence was

below that range, and petitioner argued that his sentencing (and guilty plea) should be voided.

The postconviction petition eventually made its way to the Supreme Court of Illinois where that court considered whether *White* applied retroactively to petitioner's case. In *People v. Flowers*, 561 N.E.2d 674 (1990), the Supreme Court of Illinois adopted the standard from *Teague v. Lane*, 489 U.S. 288 (1989), to determine whether cases apply retroactively to postconviction petitions brought under the Illinois Post Conviction Hearing Act. The Supreme Court of Illinois applied the *Teague* standard in petitioner's case, and concluded that *White* did not apply retroactively on postconviction review. *Smith*, 26 N.E.3d at 343. As *White* did not apply, there was no error in not applying the enhancement, and petitioner's thirty year sentence was valid. The Supreme Court of Illinois affirmed the dismissal of the postconviction petition. *Id.*

Petitioner now argues that the Supreme Court of Illinois misapplied the *Teague* analysis and that *White* should apply to his case. This argument does not present a question cognizable in a § 2254 proceeding. States are not required to apply *Teague*. *Danforth v. Minnesota*, 552 U.S. 264 (2008). If states choose to adopt the *Teague* standard, their application of *Teague* is a state law matter. *See Villanueva v. Anglin*, 719 F.3d 769, 777 (7th Cir. 2013). "If [a state] incorporates federal law into state law and then gets the federal law wrong, it has made a mistake of state law, which cannot be a basis for federal habeas corpus." *Britz v. Cowan*, 192 F.3d 1101, 1102–03 (7th Cir. 1999). It is up to Illinois to decide what claims, if any, it shall consider in its postconviction proceedings. *Villanueva*, 719 F.3d at 777 (Illinois courts are free to define the scope of their post-conviction proceedings). Illinois's decision to not apply the *White* decision to petitioner's case presents a non-cognizable issue of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (federal habeas corpus relief does not lie for errors of state law).

A state law error can result in a federal due process violation when the error is "so serious as to render it likely that an innocent person was convicted. . . ." *Perruquet v. Briley*, 390 F.3d 505, 510 (7th Cir. 2004) (citations omitted). Smith does not argue that he is innocent, and the alleged error was imposing a thirty year sentence when Smith should have faced a minimum forty-five year sentence. There was no due process violation.

Even if the Supreme Court of Illinois's *Teague* analysis was cognizable before this court, and the Supreme Court of Illinois misapplied *Teague* so that *White* should have applied to petitioner's case, Smith still cannot obtain federal habeas corpus relief. Petitioner alleges a misapplication of a state sentencing statute. As mentioned above, a claim of a state law error is not cognizable in a federal habeas corpus case.

3

*See Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) (federal habeas corpus challenge to state court ruling imposing consecutive sentences under state sentencing statute raised non-cognizable state law question). A federal court has no authority to evaluate Illinois's application of the sentencing enhancement.*

Petitioner also argues that he could not enter a valid guilty plea because he was not admonished that the enhancement had to be applied in his case once he admitted the facts that implicated the enhancement. As explained above, the Illinois Supreme Court ruled that *White* does not apply in his case. That is a matter of state law and the federal courts have no license to reexamine that ruling. The omission of a warning that petitioner's sentence should be enhanced, when the enhancement was not applied, did not render petitioner's plea involuntary or unknowing.

The habeas corpus petition is denied on the merits. Petitioner has not made a substantial showing of the denial of a constitutional right, or that reasonable jurists would debate, much less disagree, with this resolution of petitioner's claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability will not issue.

ENTER:

Date:   7/13/15

                                          Manish S. Shah
                                          U.S. District Judge

---

* Petitioner does not raise an Eighth Amendment or *Apprendi v. New Jersey*, 530 U.S. 466 (2000), claim, and either claim would be meritless. A federal challenge to a sentence could arise under the Eighth Amendment's prohibition on cruel and unusual punishment, but a thirty year murder sentence is not cruel and unusual punishment. *See Ewing v. California*, 538 U.S. 11, 30-31 (2003) (rejecting Eighth Amendment challenge to sentence of twenty-five years to life sentence imposed under California's Three Strike Laws when third strike was theft of $1,197 worth of golf clubs). Additionally, there is no issue under *Apprendi*. The sentencing enhancement was not applied in petitioner's case. Petitioner's claim is that his sentence fell below the statutory minimum, not that it exceeded the statutory maximum.